# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL WALKER,
      **Plaintiff**

    v.

THE SECURITY OFFICE OF SCI-
COAL TOWNSHIP, et al.,
      **Defendants**

CIVIL NO. 3:CV-08-1573

(Judge Munley)

## MEMORANDUM

Plaintiff Michael Walker ("Walker") commenced this civil rights action on August 22, 2008. (Doc. 1.) The matter is proceeding *via* an amended complaint which was filed on March 27, 2009. (Doc. 27.) Named as defendants are the Susquehanna Bank[1], and a number of SCI-Coal Township defendants, including the following: Inmate Account Office at SCI-Coal Township; Business Office at SCI-Coal Township; Michael Miller, Captain of Security; C.O. Fornwald, Corrections Officer; David Popek, Business Manager; Nancey Wilson, Accountant; Accountant Assistants Sean McElwee and Kelley Park; Joseph A. Piazza, former Superintendent; Cindy G. Watson, Chief Grievance Officer. Presently pending is a motion to dismiss or, in the alternative, for summary judgment which has been filed on behalf of the SCI-Coal Township defendants. (Doc. 28.) For the reasons set forth below, defendants' motion for summary judgment will be granted based on Walker's failure to exhaust his administrative remedies. The claim against the only remaining defendant,

---

[1]This defendant is erroneously identified as "Susuhanna Bank." (Doc. 27, at 3, ¶ 5.)

Susquehanna Bank, will be dismissed pursuant to 28 U.S.C. § 1915.

**I.    Standard of Review**

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

**II.    Statement of Material Facts**

During a search of Walker's cell conducted on January 19, 2008, seventeen law books from SCI- Coal Township and other institutions, including the State Correctional Institute at Pittsburgh, were confiscated. (Doc. 30-3, at 2.) On January 20, 2008, Walker was issued misconduct report A921983 charging him with one count of possession of contraband, and one count destroying, altering, tampering with or damaging property because the law "books had been crossed out with black markers on the sides and belonged to SCIP Law Library.

2

There was also some from SCI Coal Township Law Library." (Id.) On January 22, 2008, a disciplinary hearing was conduced during which plaintiff was found guilty of possession of contraband. (Doc. 30-4, at 2.) He was sanctioned with thirty days of disciplinary custody, effective January 19, 2008, and the contraband was revoked. (Id.)

An inmate who has been found guilty on a misconduct charge may then, within fifteen days of the hearing, file an appeal to the Program Review Committee ("PRC"). (DC-ADM 801, VI, L, 1).[2] Walker filed his misconduct appeal on January 25, 2008, and set forth the following brief statement of facts relevant to the claim: "The [hearing examiner's] finding of facts in the founding [sic] of guilt to the aforementioned charge (*i.e.*, unauthorized use of law book) was merely excessive and/or the punishment (*i.e.*, 30 days sentence) was disproportionate to the offense and thus, I request for a time reduction and/or reduce misconduct from Class #1 to Class #2 with time served." (Doc. 44, at 22.) Because he received no response, he inquired about the status of his appeal on March 1, 2008. (Doc. 44, at 24.) He was informed that there was no record of the appeal submitted on January 25, 2008. (Doc. 44, at 24.)

Walker also filed a grievance pursuant to DC-ADM 804 on March 3, 2008 (Doc. 30-8, at 8). DC-ADM 804 offers a three-phase review procedure. (Doc. 30-7, at 3.) . An inmate who has a concern that he is unable to resolve may submit a grievance to the grievance

---

[2] Attached to defendants' motion for summary judgment is the version of DC-ADM 801 that was issued on May 14, 2008, and effective on June 13, 2008. (Doc. 30-5, at 7.) The applicable version, which is a matter of public record, was issued on November 14, 2006, and effective on December 14, 2006.

3

coordinator within fifteen days of the date of the events giving rise to the grievance. (Doc. 30-7, at 6, DC-ADM 804, § VI. A.) Within ten working days, the grievance coordinator transmits a decision to the inmate. (Id. at 8, DC-ADM 804 § VI. B. 7.) If the inmate is dissatisfied with the disposition of the grievance, he may, within ten days of the grievance coordinator's decision, appeal to the Facility Manager/Superintendent, who must provide a decision within another ten working days. (Id. at 9, § VI.C.1.) Finally, an inmate may submit an appeal to the Secretary's Office of Inmate Grievances and Appeals within fifteen working days of the decision of the Facility Manager/Superintendent, and the Secretary's Office has thirty days in which to issue a decision. (Id. at 11-12, DC-ADM 804 § VI.D.1.) The Grievance Coordinator returned Walker's grievance on March 13, 2008, because the issues raised involved inmate disciplinary procedures which must be reviewed pursuant to DC-ADM 801, not DC-ADM 804. (Doc. 30-8, at 10.) Walker appealed this grievance to the Superintendent and was informed that his grievance was being returned because "[i]t's the result of a misconduct and falls under the DC-ADM 801 Inmate Disciplinary . . . Procedures." (Doc. 30-9, at 5.) Walker did not pursue this grievance to the final level of review as required by DC-ADM 804.

On March 22, 2008, Walker resubmitted his appeal pursuant to DC-ADM 801, raising the same issue of disproportionate punishment. (Doc. 44, at 26.) The PRC responded to this appeal on April 9, 2008, informing Walker that because his hearing date was on January 22, 2008, and his appeal was not received until April 3, 2008, it was submitted beyond the fifteen

4

day allowable time period and, consequently, was denied. (Doc. 44, at 28.) Within seven days of the PRC's decision, the inmate may file a second level appeal to the Superintendent/Facility Manager. (DC-ADM 801, VI, L, 2). Walker filed an appeal, which was denied based on the PRC's conclusion that the appeal was untimely. (Doc. 44, at 30.) Finally, the inmate has one last avenue of appeal to the Office of the Chief Counsel. (DC-ADM 801, VI, L, 3.) Walker also availed himself of this level of review and was informed of the following:

> In accordance with DC-ADM 801, VI, L. 3, I have reviewed the entire record of this misconduct; including the misconduct report, the hearing report and related documents, your appeal to the Program Review Committee and their response, your appeal to the Superintendent and his response. Under date of April 15, 2008, Superintendent Piazza dismissed your appeal of the PRC decision as untimely. Consequently, you have failed to complete appeal to the Superintendent as required pursuant to DC-ADM 801. According, your appeal to final review cannot be accepted and must be dismissed.

(Doc. 44, at 32.) Once all of these steps are pursued, an inmate will be deemed to have exhausted administrative remedies.

In a completely unrelated incident, on May 12, 2008, Walker was notified that a check that he deposited was returned to due to insufficient funds, and that an eight-dollar insufficient funds fee was deducted by Susquehanna Bank from his inmate account. (Doc. 27, at 9, ¶ 26.) He states that he filed a grievance concerning the "unauthorized and unlawful operation to his inmate account." (Doc. 27, at 9, ¶ 29.) He also states that he appealed the denial of the grievance to the Superintendent. There is no record of either the initial grievance or the appeal of the grievance. He does not allege that he pursued the grievance

beyond the first level of appeal.

On August 22, 2007, he filed this action seeking a declaratory judgment, injunctive relief and compensatory damages "for defendants' actions in depriving plaintiff of his right to personal and private interest or liberty to his legal property and inmate account which defendants unlawfully and unconstitutionally deprived him of absent a compelling and/or administrative justification and obtained without timely notice to plaintiff and without an opportunity to participate and/or be heard in the proceedings. Plaintiff seeks relief against all defendants on the grounds that their actions and acts substantially burden his right to private expectation and/or interest to his legal property and inmate account in violation of rights guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution." (Doc. 27, at 2.)

II. **Discussion**

A. <u>SCI-Coal Township Defendants</u>

The Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follow:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be

6

gained through the grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71. The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court.[3] Woodford v. Ngo, 548 U.S. 81, 92 (2006).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 2387 (quoting Porter, 534 U.S. at 525)). Failure to comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004) ( "[P]rison grievance procedures supply the yardstick for measuring

---

[3] A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense that must be pleaded and proven by the defendants. Id.; see also Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

procedural default.") A procedural default, "either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim." Gallego v. United States, No. 02-1157, 2005 WL 1653166, at *2 (M.D. Pa. July 8, 2005).

Fatal to Walker's ability to proceed with this action is that he failed to administratively exhaust the issues before this court. Specifically, with regard to his first claim, during the misconduct appeals process, he simply argued that the punishment he received for possession of contraband was disproportionate to the offense and sought a reduction in the sanction of thirty days in the Restricted Housing Unit. (Doc. 44, at 22.) At no point did he present the issue of the wrongful confiscation of the law books to prison administration. With respect to the inmate account assessment claim, his representation that he filed a grievance challenging the eight dollar charge, is unsupported by any evidence. He provides no copies of the documents he supposedly filed during the grievance procedure or of any administrative responses. The party adverse to summary judgment must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). Walker has failed to meet his burden of establishing that he administratively exhausted available remedies with respect the substance of either of the two claims upon which he seeks relief. Moreover, it appears that he has now procedurally defaulted these claims. As noted above, a procedural default,

"either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim." Gallego, 2005 WL 1653166, at *2. Walker does not raise any equitable considerations. Accordingly, the SCI-Coal Township defendants are entitled to entry of summary judgment.

B. Susquehanna Bank

Walker also names Susquehanna Bank ("the Bank") as a defendant. It does not appear that service was ever effected on the Bank. Notwithstanding this omission, section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted . . ." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review is the same as the standard for a 12(b)(6) motion. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106. Based on the following, the complaint against the Bank will be dismissed pursuant to §1915(e)(2)(B)(ii).

In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). "Although a private [person] may cause a deprivation of . . . a right, [he] may be subjected to liability under § 1983 only when [he] does so under color of law." Mark v. Borough of

9

Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156 (1978)). Banks and their employees are private entities, and do not act under color of state law for purposes of Section 1983. Shipley v. First Fed. Sav. & Loan Ass'n of Del., 703 F. Supp. 1122, 1129-31 (D.Del. 1988) (holding that a bank and attorney who filed a foreclosure action were not acting under color of state law for purposes of Section 1983). Walker has not alleged state action on the part of the Bank. Consequently, the claim against the bank will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

IV. Conclusion

Based on the foregoing, the motion for summary judgment (Doc. 28) filed on behalf of the SCI-Coal Township defendants will be granted. The complaint against Susquehanna Bank will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: March __, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL WALKER, : CIVIL NO. 3:CV-08-1573
    Plaintiff :
: (Judge Munley)
v. :
:
THE SECURITY OFFICE OF SCI- :
COAL TOWNSHIP, et al., :
    Defendants :

## ORDER

AND NOW, to wit, this ___ day of March 2010, upon consideration of the motion for summary judgment (Doc. 28) filed on behalf of the SCI-Coal Township defendants, and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The motion for summary judgment is GRANTED. The Clerk of Court shall ENTER judgment in favor of the SCI-Coal Township defendants and against plaintiff.

2. The complaint against Susquehanna Bank is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court